IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:10-CR-36-BO
No. 2:16-CV-14-BO

| | | |
|---|---|---|
| MICHAEL RAY NORMAN, | ) | |
| Petitioner, | ) | |
| | ) | O R D E R |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government has responded to the motion, conceding that petitioner is entitled to relief.

## BACKGROUND

Petitioner pleaded guilty pursuant to a plea agreement to one count of being a felon in possession of a firearm, one count of selling a firearm to a felon, and one count of possession of a sawed-off rifle in violation of 18 U.S.C. §§ 922 and 924 and 26 U.S.C. §§ 5822, 5861 and 5871. Petitioner was sentenced on July 8, 2011, to three concurrent terms of 120 months' imprisonment. Petitioner did not file a direct appeal.

## DISCUSSION

Petitioner contends that his conviction on count one of being felon in possession of a firearm under 18 U.S.C. § 922(g) is infirm in light of the Fourth Circuit's holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). In *Simmons*, the Fourth Circuit held that individuals sentenced pursuant to North Carolina's Structured Sentencing Act cannot not be

classified as "felons" under federal law unless the individual defendant had been exposed to a sentence of imprisonment in excess of one year. *Simmons*, 649 F.3d at 249. The government has waived its statute of limitations and procedural defenses, [DE 65 at 3]; *see also United States v. Adams*, 814 F.3d 178, 183 (4th Cir. 2016), and agrees that petitioner's conviction on count one should no longer stand. Petitioner's conviction on count one for felon in possession of a firearm is therefore VACATED.

The government requests, however, that the Court not conduct a formal resentencing, but rather that it correct petitioner's sentence to reflect the absence of one concurrent term. The Court declines to do so, as it may wish to take into account the vacatur of count one when reimposing sentence on petitioner's remaining counts. *See, e.g., United States v. Dodson*, 291 F.3d 268, 270 (4th Cir. 2002).

## CONCLUSION

Accordingly, for the foregoing reasons, petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 61] is GRANTED. Petitioner's conviction on count one for possession of a firearm by a convicted felon is hereby VACATED. This matter shall be set for resentencing on petitioner's remaining counts of conviction by separate notice during the Court's July 2016 term in Raleigh, North Carolina.

SO ORDERED, this 29 day of May 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2